**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBSON D., | : | |
| | : | Civil Action No. 19-14152 (ES) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| WILLIAM ANDERSON, | : | |
| | : | |
| Respondent. | : | |

**SALAS, DISTRICT JUDGE**

Petitioner Robson D. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On June 12, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his prolonged detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will deny the Petition.

**I. BACKGROUND**

Petitioner is a citizen and national of Brazil. (D.E. No. 4-4). He entered the United States on or about December 5, 2014, as a Non-Immigrant Visitor for Pleasure with permission to remain in the United States until June 4, 2015. (*Id.*) He overstayed his visa and was taken into custody by immigration officials on or about January 30, 2018. (*Id.*). Immigration officials initially determined Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (D.E. No. 4-2). Nevertheless, immigration officials have subsequently treated his detention as subject to the discretionary detention provisions of 8 U.S.C. § 1226(a). (D.E. No. 4-5).

On March 3, 2018, Petitioner first appeared before an immigration judge ("IJ") for a bond hearing and a master calendar hearing. (D.E. No. 4-7 ¶ 3). Petitioner requested an adjournment of both hearings so that he could retain legal counsel. (*Id.*). On April 17, 2018, Petitioner again appeared for his master calendar hearing and a bond hearing before an IJ. (*Id.* ¶ 4). The master calendar hearing was again adjourned to May 24, 2018, to allow Petitioner time to seek representation. (*Id.*) At the same hearing, the IJ denied Petitioner's request for bond, finding that he was a danger the community and a flight risk. (*Id.*; D.E. No. 4-5). The bond order also notes that Petitioner reserved the right to appeal and that he had until May 17, 2018 to make any such appeal. (*Id.*). Petitioner did not appeal because he "was told that appealing [his] detention would be futile." (Pet. at 2–3; *see also* D.E. No. 4-7 ¶ 15.)

On May 24, 2018, Petitioner appeared for a master calendar hearing before an IJ; the hearing was again adjourned to July 5, 2018, to allow Petitioner time to prepare. (D.E. No. 4-7 ¶ 5). On July 5, 2018, Petitioner appeared for a hearing which was adjourned to August 21, 2018, to allow Petitioner time to prepare and file an application for relief from removal. (*Id.* ¶ 6). On August 21, 2018, Petitioner appeared for a master calendar hearing which was adjourned to October 23, 2018, to allow for processing of an application that Petitioner filed with the Department of Homeland Security ("DHS"). (*Id.* ¶ 7). On October 23, 2018, Petitioner appeared for a master calendar hearing which was adjourned to December 4, 2018, to allow for processing of an application that Petitioner filed with DHS. (*Id.* ¶ 8). On December 4, 2018, Petitioner appeared for a master calendar hearing which was adjourned to January 8, 2019, to allow for processing of an application that Petitioner filed with DHS. (*Id.* ¶ 9). On January 8, 2019, Petitioner appeared for a master calendar hearing which was adjourned to March 5, 2019, to allow Petitioner time to file an application for relief from removal. (*Id.* ¶ 10). On March 5, 2019,

Petitioner appeared for a master calendar hearing which was adjourned to May 10, 2019, for an individual calendar hearing on the merits. (*Id.* ¶ 11). On May 10, 2019, Petitioner appeared for an individual calendar hearing which was adjourned to July 10, 2019, to allow DHS time to prepare. (*Id.* ¶ 12). On July 10, 2019, Petitioner appeared for an individual calendar hearing before an immigration judge, after which the IJ reserved decision. (*Id.* ¶ 13). On or about July 29, 2019, the IJ denied Petitioner's request for adjustment of status, for asylum, for withholding of removal, and for protection under the Convention Against Torture, and ordered Petitioner removed to Brazil. (D.E. No. 4-6).

Thereafter, Petitioner appealed the IJ's order to the Board of Immigration Appeals ("BIA"). (D.E. No. 9, Respondent's Supplemental Answer ("Supp. Answer") at 2). On October 2, 2020, the IJ issued a decision denying Petitioner's renewed application to be released on bond. (D.E. No. 9-1). Petitioner did not appeal that order. (Supp. Answer at 2). Thereafter, Petitioner filed another motion for custody redetermination, which the IJ denied on January 23, 2020. (D.E. No. 9-2). Petitioner again did not appeal that order. (Supp. Answer at 2). On January 21, 2020, the BIA issued its decision dismissing Petitioner's appeal of the IJ's removal order. (D.E. No. 9-2). On January 29, 2020, Petitioner filed a petition for review and motion for stay of removal in the U.S. Court of Appeals for the Third Circuit. *De Maria v. Attorney General*, Civil Action No. 20-1205 (3rd Cir. 2020). Pursuant to policy, the Court of Appeals issued an order temporarily staying removal to allow the Court time to fully consider Petitioner's motion. *Id.* The motion for a stay and petition for review remain pending before the Third Circuit.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, detain, or release an alien pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
> 
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
> 
> (1) may continue to detain the arrested alien; and
> 
> (2) may release the alien on-

4

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings. *See* 8 U.S.C. § 1226(c)(1). Section 1226(c)(1) provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.* § 1226(c)(1).

Both parties agree Petitioner is currently being held pursuant to § 1226(a) because the Court of Appeals entered a stay of removal in his immigration case. *See Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012). Section 1226(a) "authorizes the Attorney General to arrest and detain an alien 'pending a decision on whether the alien is to be removed from the United

5

States." *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) (quoting 8 U.S.C. § 1226(a)). Under the statute, the Attorney General "may release" the alien on bond or parole provided the alien can make the requisite showing under the applicable regulations. *Id.* Under those regulations, an alien may only be released on bond where he meets his burden of showing, to the satisfaction of an immigration judge, that he "would not pose a danger to property or persons" and that he is not a flight risk. 8 C.F.R. § 236.1(c)(8). In addition to an appeal of a bond decision to the BIA, an alien who was denied bond may also file a motion before the immigration judge for a custody redetermination, but bond will only be granted under those circumstances where the petitioner can show that there has been a material change in circumstances. 8 C.F.R. § 1003.19(e).

The exact nature of Petitioner's claims is unclear. He appears to simultaneously argue that he is being denied a bond hearing, using § 1226(c) case law, while also attempting to challenge the result of the bond hearing he already received pursuant to § 1226(a). (Pet. ¶ 13; D.E. No. 5). As discussed above, it is undisputed Petitioner is detained pursuant to § 1226(a) and received bond hearing pursuant to that statute. Accordingly, caselaw requiring bond hearings for detainees who are mandatorily detained pursuant to § 1226(c), and therefore never received a bond hearing, are inapplicable to him. *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). To the extent he is challenging the result of his hearing, absent a showing that it was not bona fide, this Court is without authority to reconsider the decision of the immigration judge denying Petitioner bond. *See id.* at 279 ("Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking"); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, *2-3 (D.N.J. Jan. 6, 2016). If he is dissatisfied with the denial, his remedy is to appeal to the BIA or seek re-determination

before the IJ. *See Hugo A. A. Q. v. Green*, No. 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("To the extent Petitioner is dissatisfied with the IJ's decision at his ... bond hearing, his remedy is to appeal that decision to the BIA . . . .").

Finally, to the extent he is alleging the mere duration of his detention violates his constitutional rights, that argument is also foreclosed by *Borbot*. In finding that the petitioner's then-30 month detention did not violate his constitutional rights, the Court "recognize[d] Borbot's concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause. But Borbot fails to identify a basis in the record to demonstrate that this is such a case." *Borbot*, 906 F.3d at 280. Similarly, Petitioner here has failed to identify a basis in the record to suggest his 26-month detention is such a case either, and therefore he is not entitled to habeas relief.

### III. CONCLUSION

For the foregoing reasons, the Petition is denied *without prejudice*. An appropriate Order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**